UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RHODE ISLAND CARPENTERS ANNUITY FUND, et al. :
:
:
v. : C.A. No. 04-303T
:
QUALITY GYM SERVICES, INC. :

# ORDER TO SHOW CAUSE

On March 2, 2005, this Court issued a Notice of Settlement Conference and Settlement Conference Order. The Conference was scheduled to be held on April 11, 2005, and both sides were ordered to submit Settlement Conference Statements to the Court at least five court days before the Conference date. In addition, lead counsel for both parties were ordered to appear at the Settlement Conference "with the parties and with the person or persons having full authority to negotiate and to settle the case on any terms at the conference." In response to this Order, Plaintiffs' counsel filed a timely Settlement Conference Statement. Defendant's counsel did not file a Settlement Conference Statement at that time, but rather submitted a letter to this Court requesting a four-week continuance to the week of May 16, 2005 in order to allow the parties to "have appropriate discovery responses to facilitate settlement." His request for a continuance was granted, and the Conference was rescheduled to May 16, 2005.

On May 16, 2005, Plaintiffs' counsel appeared, along with a client representative, prior to the scheduled start time of the Conference. Defendant's counsel did not file a Settlement Conference Statement with the Court and did not respond to a message from this Court's staff

13

seeking to obtain a Settlement Conference Statement from Defendant. Defendant's counsel did not seek an extension or excuse from filing the Settlement Conference Statement. On May 16, 2005, Defendant's counsel arrived at the Settlement Conference approximately ten minutes late. He did not bring a Settlement Conference Statement with him, and he was not accompanied by a representative of his client as required by this Court's Settlement Conference Order. Further, Defendant's counsel candidly admitted at the Conference that he did not have settlement authority and was not in a position to contact his client by telephone for settlement authority.

Because Defendant's counsel appeared at the Conference without a client representative and without any settlement position or authority, the Settlement Conference was a complete waste of time and money for all involved. If Defendant's counsel believed that he was not in a position to move forward with productive settlement discussions, he should have noted that fact and the reasons therefor in his Settlement Conference Statement or, at a minimum, in a letter to this Court seeking a further continuance of the Conference. Because Defendant's counsel did neither, this Court reasonably assumed that all parties were prepared to discuss the issue of settlement in good faith.

In view of Defendant's blatant disregard of the terms of this Court's Settlement Conference Order, Defendant is ORDERED TO SHOW CAUSE as to why this Court should not require Defendant to reimburse Plaintiffs for their reasonable attorneys' fees and expenses incurred in appearing at the May 16, 2005 Settlement Conference. See Nick v. Morgan's Foods, 270 F.3d 590 (8th Cir. 2001). Defendant shall submit its position in writing to this Court within five (5) days of the date of this Order along with supporting affidavit(s), if any. Plaintiffs shall file a response which, at a minimum, shall include an itemization of their fees and expenses related to appearance

at the May 16, 2005 Settlement Conference. The Court will take further action as it deems appropriate after reviewing the parties' submissions.

LINCOLN D. ALMOND
United States Magistrate Judge
May 17, 2005