UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RHODE ISLAND CARPENTERS :
ANNUITY FUND, et al :
:
v. : C.A. No. 04-303T
:
QUALITY GYM SERVICE INC. :

**Hearing Requested**

MEMORANDUM OF DEFENDANT IN RESPONSE TO
ORDER TO SHOW CAUSE
REGARDING SETTLEMENT CONFERENCE OF
MAY 16, 2005

At the Settlement Conference on May 16, 2005 it was resolved that the plaintiffs' motions to compel answers to interrogatories and request for production would not require further hearing or judicial review and the court approved a 30 day order for the defendant to respond to that discovery by consent of the parties through counsel.*

It was further resolved that plaintiffs' counsel was making claim for slightly over $76,000.00 as contributions for work covered by the collective bargaining agreement plus consideration of penalties of 20% and legal fees.

Plaintiffs' counsel and counsel for the defendant concluded the primary issue was the type of work performed by the defendant by work description and that of its employees' job descriptions and those working for the defendant. Simply stated the type of work performed would determine the amount of contribution as applicable to the agreement, Quality Gym

* See Exgubut A.

14

Service, Inc. the defendant and the plaintiffs, Rhode Island Carpenters Annuity Funds, et al. The Settlement Conference in fact, resolved issues including the primary factual issue in dispute.

Defendant's counsel had requested the court for a continuance for the Settlement Conference set for April 11, 2005 for reason that discovery responses were being made and were required to facilitate settlement. Counsel for the plaintiffs respectfully informed my office they would agree to the continuance for four weeks but would not agree to further continuances. Counsel for the defendant was informed by court staff that the Magistrate would not readily grand a continuance for that Settlement Conference except for good cause made in writing. At the Settlement Conference of May 16, 2005 issues and litigation matters were resolved and settlement with or without trial will require addition time to meet fundamental fairness between the parties. Although a representative for the defendant corporation was not present and could have been reached by a cell phone. No settlement authority could be resolved because of the narrow issue of work description which has to be resolved.

Counsel for the defendant did not attempt to disregard court time by the ten minute delay for attendance at the conference. Counsel had left immediately for the Settlement Conference at the Federal Court from the Attleboro District Court,

Attleboro, Massachusetts from a pretrial plea disposition entitled Commonwealth vs Raymond Dubois, Docket #9234CR003879.* Counsel informed court personnel that his attendance was required for 2:00 p.m. that day for a conference at the Federal Court in Providence, RI and was informed to remain at the Attleboro District Court until the plea was resolved some time after 1:00 p.m., on that day.

Quality Gym Service, Inc. Defendant

M. Caron

Maurice Caron, Voccola Law Offices, 545 Broadway, Providence, RI 02909
(401) 751-3900
Fax: 751-8983

*Exhibits B & C.

CERTIFICATE

I mailed a true copy of the within memorandum along with Affidavit and exhibits to Marc B/ Gursky, Esq., Gursky Law associates, 420 Scrabbletown Rd., Suite C, North Kingstown, RI 02852, Postage pre-paid. May 20, 2005

M. Caron

Maurice Caron

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND, ET. AL. Plaintiffs, v. QUALITY GYM SERVICE, INC., Defendant. | : | C.A. 04-303T |

FILED MAY 12 2005 U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND

5/17/05: GRANTED. DEFENDANT SHALL RESPOND TO PLAINTIFFS' INTERROGATORIES WITHIN 30 DAYS. USMJ

**PLAINTIFFS' MOTION TO COMPEL ANSWERS TO INTERROGATORIES**

Now come Plaintiffs, through counsel, and hereby move this Court for an Order compelling Defendants to respond to Plaintiffs' First Request for Interrogatories within twenty days from hearing on this motion.

Plaintiffs state that a good faith effort to resolve this discovery dispute with Defendant's counsel has been made.

Referred to U.S.M.J. Almond
☐ for findings & recommendations
☒ for determination
Ernest C. Torres, Chief Judge
Date: 5/10/05

Rhode Island Carpenters
Annuity Fund, et. al.,
By their attorneys,

Elizabeth Wiens, Esq.
Marc B. Gursky, Esq.
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Suite C
North Kingstown, RI 02852
Tel. (401)294-4700
Fax (401)294-4702

"A"

12

# APPEARANCE OF COUNSEL

**Trial Court of Massachusetts**
**District Court Department**

| DOCKET NUMBER: | | | | COURT NAME AND ADDRESS |
|---|---|---|---|---|
| 92 | 34 | | 3879 | ATTLEBORO DISTRICT COURT<br>88 No. Main St.<br>Attleboro, MA 02703 |
| YEAR* | COURT NUMBER | CASE TYPE** | CASE NUMBER | |

*e.g. '93", "94" etc.
**e.g. "CR", "CV" etc.

**To the Clerk - Magistrate:**

Please enter my appearance as attorney for RAYMOND DUBOIS in the above numbered court action.

| | | | Massachusetts B.B.O. NUMBER (Required) |
|---|---|---|---|
| ATTORNEY NAME: Maurice Caron Jr. | | | |
| ATTORNEY FIRM: VOCCOLA LAW ASSOCIATES | | | TELEPHONE NUMBER: (401) 751-3900 |
| STREET ADDRESS: 454 Broadway | | | |
| CITY/TOWN: Provo RI | STATE: RI | ZIP CODE: 02909 | |

A TRUE COPY ATTEST
[signature]
ASST CLERK/MAGISTRATE

X Maurice Caron Jr.
SIGNATURE OF ATTORNEY

May 14, 2005
DATE

MAURICE CARON J.

"B"

DC-CR-19 (5/94)

# DOCKET

DOCKET NUMBER: 9234 CR 3879

ATTORNEY NAME: ☐ Waived ☐ Retained ☐ Assigned — Gerone 875

SEP 25 1992

COURT DIVISION: Attleboro

NAME, ADDRESS AND ZIP CODE OF DEFENDANT:
Raymond J Dubois
63 Brook St
Central Falls, RI 02863

TERMS OF RELEASE: $100. PERS RECOG

| DATE | PROCEEDING |
|---|---|
| SEP 17 1992 | ☐ Arraigned before J. DOLAN |
| SEP 17 1992 | ☑ Advised of right to counsel |
| | ☐ Advised of right to drug exam |
| | ☐ Advised of right to bail review |
| MAY 16 2005 | ☑ Advised of right to F.I. Jury Trial |
| MAY 16 2005 | ☑ Waives ☐ Requests F.I. Jury Trial |
| | ☐ Advised of alien rights |
| SEP 25 1992 | ☐ Warrant issued ☑ Default warrant issued |
| SEP 25 1992 | ☑ Default removed ☑ Warrant recalled |
| OCT 29 1992 | ☐ Warrant issued ☑ Default warrant issued |
| | ☐ Default removed ☐ Warrant recalled |

DEF. DOB AND SEX: 1/12/64 — OFFENSE CODE(S): 40,61,111 — 24N

DATE OF OFFENSE: on or about 9/17/92 — PLACE OF OFFENSE: North Attleboro

COMPLAINANT: Brian Coyle — POLICE DEPARTMENT (if applicable): North Attleboro

DATE OF COMPLAINT: 9/17/92 — RETURN DATE AND TIME: arrest

## COUNT-OFFENSE A.OPERATING UNDER THE INFLUENCE OF LIQUOR C90 S24

FINE / SURFINE / COSTS / TOTAL DUE

DATE: SEP 17 1992 — PLEA: ☑ Not Guilty ☐ Guilty ☐ Nolo; ☐ New Plea: ☑ Admits suff. facts

MAY 16 2005 — FINDING: RMN G — JUDGE: BAYLOR

IMPRISONMENT AND OTHER DISPOSITION: $500 Fine, 125 SF, 50 VW, 100 hi

FINAL DISPOSITION: ☐ Discharged from probation ☐ Dismissed at request of probation

☐ Appeal of find. & disp. ☐ Appeal of disp.

## COUNT-OFFENSE B.OP. A MV NEGLIGENTLY SO AS TO ENDANGER C90 S24

FINE / SURFINE 3724B000005/16/05HI / COSTS / TOTAL DUE 100.00

DATE: SEP 17 1992 — PLEA: ☑ Not Guilty ☐ Guilty ☐ Nolo; ☑ New Plea: ☐ Admits suff. facts

MAY 16 2005 — FINDING: RMN — JUDGE: BAYLOR — Reduced Marked

IMPRISONMENT AND OTHER DISPOSITION: Q - Dilf
3724B000005/16/05VWAF 50.00
3724B000006/16/05N.ATT CRIM 500.00

☑ Cont. w/o finding until:

FINAL DISPOSITION: 3724B000005/16/05SURF 125.00 — DATE
☐ Discharged from probation ☐ Dismissed at request of probation

☐ Appeal of find. & disp. ☐ Appeal of disp.

## COUNT-OFFENSE C.OPERATING A MV WITHOUT A LICENSE C90 S10

FINE / SURFINE / COSTS / TOTAL DUE

DATE: SEP 17 1992 — PLEA: ☑ Not Guilty ☐ Guilty ☐ Nolo; ☑ New Plea: ☐ Admits suff. facts

MAY 16 2005 — FINDING: RMN — JUDGE: BAYLOR

IMPRISONMENT AND OTHER DISPOSITION: Dismissed

☐ Cont. w/o finding until:

FINAL DISPOSITION — DATE
☐ Discharged from probation ☐ Dismissed at request of probation

☐ Appeal of find. & disp. ☐ Appeal of disp.

## COUNT-OFFENSE

FINE / SURFINE / COSTS / TOTAL DUE

DATE — PLEA: ☐ Not Guilty ☐ Guilty ☐ Nolo; ☐ New Plea: ☐ Admits suff. facts

FINDING — JUDGE

IMPRISONMENT AND OTHER DISPOSITION: A TRUE COPY ATTEST — ASST CLERK/MAGISTRATE — NCA

☐ Cont. w/o finding until:

FINAL DISPOSITION — DATE
☐ Discharged from probation ☐ Dismissed at request of probation

☐ Appeal of find. & disp. ☐ Appeal of disp.

| CONT. TO | PURPOSE | CONT. TO | PURPOSE |
|---|---|---|---|
| 9/25/92 | ADC | | |
| 10-29-92 | Conf | | |

| DATE | TAPE NO. | START | STOP |
|---|---|---|---|
| MAY 16 2005 | 7171 | 910 | |

☑ SEE REVERSE SIDE FOR DOCKET ENTRIES OF MOTIONS, CASE NOTES AND OTHER ACTIONS.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RHODE ISLAND CARPENTERS ANNUITY FUND, et al :

v. : C.A. NO. 04-303T

QUALITY GYM SERVICE, INC. :

AFFIDAVIT IN SUPPORT OF
MEMORANDUM OF DEFENDANT IN RESPONSE TO
ORDER TO SHOW CAUSE
REGARDING SETTLEMENT CONFERENCE OF
MAY 16, 2005

Now comes Maurice Caron, Jr. and after being duly sworn deposes and states as follows:

1. That I am the attorney of record for the defendant, Quality Gym Service, Inc. for the above entitled matter.

2. That at the Settlement Conference of May 16, 2005, the plaintiffs' motions to compel answers to interrogatores and request for production were resolved by consent of the parties with a 30 day order to respond approved by the court.

3. That it was made clear to defendant's counsel through plaintiffs' counsel that the claim for contributions to the plaintiffs from the defendant under their agreement was dependant on the factual issue of the type of work and job descriptions by the defendant, its employees, and those working for the defendant. This is the primary issue to be resolved, according to my knowledge and belief.

4. That the Settlement Conference was productive for the respective counsel of the parties and for the court in your affiant's opinion.

5. Counsel for the defendant did not attempt to disregard court time by the ten minute delay for attendance at the conference. Counsel had left immediately for the Settlement Conference at the Federal Court from the Attleboro District Court, Attleboro, MA from a pretrial plea disposition entitled Commonwealth vs Raymond Dubois, Docket #9234CR003879. In that matter I was counsel of record for the defendant who had flown from North Carolina, his place of residence, to resolve that matter. I informed court personnel I was required to be at the Federal District Court, Providence, RI for 2;00 p.m. that day and asked for permission to leave sometime before 1:00 p.m. to return to the Attleboro District Court for 3:00 p.m. I was requested to remain in that court and the plea was accepted sometime shortly after 1:00 p.m. on that day.

6. Although I had in fact requested a continuance from a conference set for April 11, 2005 for four weeks to allow discovery issues to be resolved that discovery information was still incomplete. It was my opinion that the court would not go along with any further continuance and reference is made to this in the memorandum.

Maurice Caron

Notary Public
May 20, 2005
My Commission expires: 06/18/09