UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RHODE ISLAND CARPENTERS ANNUITY FUND, et al. :

v. : C.A. No. 04-303T

QUALITY GYM SERVICES, INC. :

**MEMORANDUM AND ORDER**

On May 17, 2005, this Court ordered Defendant to show cause as to why it should not be required to reimburse Plaintiffs for their reasonable attorneys' fees and expenses incurred in appearing at this Court's May 16, 2005 Settlement Conference. Both sides have submitted written memoranda in response to the Order. Defendant's counsel simply reiterates the arguments made at the May 16, 2005 Settlement Conference and asserts that his client could not formulate a settlement position because there was an unresolved issue of "work description" which would determine the amount of contribution due under the applicable collective bargaining agreement. Plaintiffs' counsel expresses his view that Defendant's non-compliance with the Settlement Conference Order was not intended to be "disrespectful or disruptive" and notes that the parties were able to resolve a discovery dispute at the Settlement Conference. Finally, Plaintiffs assert that they are not requesting an award of attorneys' fees or expenses and that they take no position with regard to other sanctions.

It is undisputed that Defendant failed to comply with this Court's Settlement Conference Order (Document No. 6) by (1) failing to file a Settlement Conference Statement; and (2) by failing to appear at the Settlement Conference "with the parties and with the person or persons having full authority to negotiate and to settle the case on any terms at the Conference." Defendant's

Memorandum in response to the Order to Show Cause simply misses the point. One of the purposes of the Settlement Conference Statement is to inform and educate the Court as to the status of the case and the prospects of settlement. If Defendant's counsel had filed a timely Settlement Conference Statement containing the information set forth in his Memorandum, this Court would have been in a better position to evaluate the status of this matter and, if appropriate, to have rescheduled the Settlement Conference to a later date when it may have been more productive. Alternatively, Defendant's counsel could have submitted a letter to this Court in advance of the Settlement Conference requesting a continuance for the same reasons. Unfortunately, Defendant's counsel did neither, and the Settlement Conference turned out to be a complete waste of time and money for all involved.

While this Court agrees with Plaintiff's assertion that Defendant's non-compliance was not intended to be "disrespectful or disruptive," this Court simply cannot condone or excuse Defendant's undisputed and blatant disregard of the Settlement Conference Order. Although the parties were able to resolve a discovery dispute at the Settlement Conference, the purpose of the Conference was to explore settlement, and Defendant's non-compliance made that impossible. After reviewing the parties' submissions (including the Affidavit of Defendant's counsel), this Court concludes that Plaintiffs should be partially reimbursed by Defendant for one-half of their fees attributed to "preparation for and attendance at settlement conference" ($165.00 x 1.5 hours = $247.50) and for their fees attributed to "preparation of response to Order to Show Cause" ($165.00 x .5 hours = $82.50). Accordingly, Defendant is hereby ORDERED to make payment to Plaintiffs in the total

amount of $330.00. Such payment shall be made within ten (10) days of the date of this ORDER, and Defendant shall submit written confirmation to the Court when payment is made.

LINCOLN D. ALMOND
United States Magistrate Judge
June 2, 2005