UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RHODE ISLAND CARPENTERS ANNUITY FUND, ET. AL.
Plaintiffs,

vs. C.A. NO. 04-303T

QUALITY GYM SERVICE, INC.,
Defendant

MOTION PURSUANT TO RULE 37 OF THE FEDERAL RULES OF CIVIL PROCEDURE TO COMPEL ANSWERS TO INTERROGATORIES

Now comes the defendant in the above entitled matter and moves for an order compelling the plaintiffs to respond to interrogatories served before the closure date of discovery which was October 15, 2005.

The defendant seeks an order compelling answers to interrogatories numbered, 1, 3, 7,8,9,11, 13, 14, 15, 16, 17, and 18. That a good faith effort was made by defendant's counsel pursuant to Rule 13(d) of the U.S. District Court for the District of Rhode Island by providing a written memorandum to plaintiff's counsel within ten (10) days of receiving objections to interrogatories and/or partial answers. In addition there was a telephone conference between counsel for the parties.

Defendant's counsel request oral argument on this discovery motion with the court to set the date for hearing thereon.

Maurice Caron, Jr., Attorney for Defendant
Law Office, 454 Broadway, Providence, RI 02909 Telephone 751-3900

CERTIFICATION

I certify on December ~~29~~ 30th, 2005 I forwarded my mail postage prepaid a copy of the motion and memorandum to Marc B. Gursky, Esq., Gursky Law Associates, 420 Scrabbletown Rd., Suite C, No. Kingstown, RI 02852.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND, ET. AL. PLAINTIFFS | : | |
| VS. | : | C.A. NO.: 04-303T |
| QUALITY GYM SERVICE, INC. DEFENDANT | : | |

INTERROGATORIES

TO PLAINTIFFS

1. Identify the person or persons who assisted in answering these intrrogatories and all persons who were consulted in answering these interrogatories, listing which interrogatories each consulted or assisted in answering and what information they provided in answering any of these interrogatories and each of these persons, give their names and addresses and occupation and title and/or relationship to Plaintiffs.
2. State the names and addresses of each and every person whom you intend to call as a witness, and state the substance of what each witness is expected to testify about at a trial on the merits and his or her occupation and title and/or relationship to Plaintiffs.
3. Identify by sufficient description to support a request for production of documents any and all written records, recordings or documents any and all written records, recordings or documents that were used to assist you in answering these interrogatories.
4. State whether you have consulted, engaged or otherwise obtained the assistance of any expert with respect to any of the issues in this case, and if so, as to each such expert state:

a. his or her name, home address, business address, occupation;

b. his or her educational background, including schools, colleges, universities attended, and as to each the certificate or degree thereof;

c. his or her employment history, giving the names of his or her employers, the nature of his or her employment and the dates of employment.

d. the field of his or her expertise, and a description of the license or licenses with respect thereto, including the period of his license and the names of the issuing officer or agency;

e. the name of address of each professional society or organization of which he or she is a member;

f. a description of each publication or professional writing, if any, of such expert, giving the date and place of publication;

g. the subject matter on which the expert is expected to testify, including the substance of the fact and opinions and a summary of the grounds for each opinion; and

h. a description and date of each written report prepared by each expert to include the name and address of the person having present custody or control of such report.

5. State whether Plaintiffs are a party to anywritten agreement with Defendant. If so, please identify those documents including date of execution and of effect including the terms of such agreements.

6. Please provide the names of any and all persons to your knowledge who were engaged by the Defendant whom you allege are a basis for contribution or compensation to the Plaintiffs and their Annuity Funds, etc., by the Defendant, on the basis that such service was "covered employment" under the alleged agreements between Plaintiffs and Defendant.

7. Please provide the names and addresses to your knowledge of any and all persons who are members of the Brotherhood of Carpenters and Joiners of America including Local Union 94 who were engaged for services or labor by the Defendant at any time with regard to your complaint and claim of contribution for each person who is a member of said union, and if any persons were but are no longer a member of the Brotherhood of Carpenters and Joiners of America, please identify such person by name and address.

8. With regard to any person who was engaged by the Defendant for services or labor who is currently or a former union member of the Brotherhood of Carpenters and Joiners of America with regard to your complaint for compensation by the Defendant to the Plaintiffs, please provide the person's name and address, period or dates of employment, the amount of contribution alleged and specific basis for that claim, against Defendant.

9. With regard to any person engaged by the Defendant who you allege the services were covered employment within the context of work performed as defined under the agreement between Local Union 94 and the Defendant effective June 4, 2001 through June 5, 2005, please give the name of the person and each and every fact that you rely upon indicating that such work was covered employment with regard to the said agreements, making reference to the specific job description and job definition set out under that agreement.

10. If you allege that the Plaintiffs are entitled to compensation or contribution from the Defendant for services or labor performed on behalf of the Defendant which service was not covered employment under the agreement between the Plaintiffs and Defendant, please state each and every fact that you

rely upon in support of your contention and identify such agreements with specificity sufficient to support a request for production and make reference to the exact page and paragraph of such agreement.

11. With regard to the alleged agreement between Plaintiffs and/or Defendant which is the basis of your complaint please identify by name and address any persons who solicited, contacted, and negotiated with Joseph Faria in his capacity as officer of and owner of the Defendant, Quality Gym Inc. prior to the execution of any alleged agreements giving the time, dates, and places of such contacts and meetings.

12. Please identify each and all persons by name and address and title who executed and signed any and all documents and alleged agreements between Defendant and Plaintiffs including the time, date and place of execution.

13. Please identify by name and address those persons who were in contact with and/or solicited or engaged Joseph Faria to enter into any alleged agreement between Defendant and Plaintiffs stating the specific basis, circumstances and conditions that are the reason of the alleged agreement.

14. Please indicate if the Plaintiffs or its agents and representatives prior to the execution of the alleged agreement made any promises or inducements or rewards of any nature or kind including to provide business customers in the future to the Defendant, and state the name of such agent or representative.

15. Please indicate if the Defendant or its agents and representatives prior to the execution of the alleged agreement made any promises or inducements or rewards of any nature or kind including to provide business or benefits in the future to Plaintiffs, and state the name of such agent or representative.

16. If you allege that the Defendant owes a contribution to the Plaintiffs due to paid services for persons engaged or hired for labor or services then please state the name of the person, the amount of contribution allegedly due as a result of payment to that person, the exact basis of formula to determine such amount of contribution, the date or period of time for which the individual was engaged by the Defendant, that person's work description, and whether or not you allege the work or services for which the person was engaged is covered employment within the meaning of the definitions and agreement allegedly between Defendant and Plaintiffs.

17. If your answer to interrogatory numbered 14 indicated in the affirmative then please state exactly the promises, inducements or rewards mademade, by whom it was made and when it was made; by Plaintiffs to the Defendant.

18. If your answer to interrogatory numbered 15 indicated in the affirmative then please state exactly the promises, inducements or rewards made, by whom it was made and when it was made, by Defendant to Plaintiffs.

Interrogatoriews

Quality Gym Service Inc., Defendant by its attorney

______________________________

Maurice Caron Jr.
Law Offices
454 Broaway
Providence, RI 02909
Telephone (401) 751-3900

CERTIFICATION

I hereby certify that a true copy of the within documents was sent by regular mail to Elizabeth Wiens, Esq., and Marc B. Gursky, Esq., Gursky Law Associates, 420 Scrabbletown Road, Suite C, North Kingston, RI 02852 on this 14 day of October 2005. BY FAX

______________________________

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND, ET. AL. Plaintiffs, | : | |
| v. | : | C.A. No. 04-303T |
| QUALITY GYM SERVICE, INC., Defendant. | : | |

**PLAINTIFFS' ANSWERS TO**
**DEFENDANT'S FIRST SET OF INTERROGATORIES**

Plaintiffs Rhode Island Carpenters' Annuity Fund, et. al. ("Plaintiffs") hereby respond to the first set of interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure served by Defendant as follows:

**INTERROGATORY NO. 1:**

Identify the person or persons who assisted in answering these interrogatories and all persons who were consulted in answering these interrogatories, listing which interrogatories each consulted or assisted in answering and what information they provided in answering any of these interrogatories and each of these persons, give their names and addresses and occupation and title and/or relationship to Plaintiffs.

**ANSWER NO. 1:**

Objection insofar as Defendant seeks information protected by the attorney-client privilege and work-produce doctrine. Without waiving said objection, Donald Lavin, Co-Administrator of Funds signed these interrogatories and Plaintiffs' attorneys were consulted.

**INTERROGATORY NO. 2:**

State the names and addresses of each and every person whom you intend to call as a witness, and state the substance of what each witness is expected to testify about at a trial on the merits and his or her occupation and title and/or relationship to Plaintiffs.

**ANSWER NO. 2:**

At this time, no decision has been made as to the witnesses to be called at a trial of this matter. Plaintiffs will supplement its answer to this interrogatory when the witness list has been decided upon.

**INTERROGATORY NO. 3:**

Identify by sufficient description to support a request for production of documents any and all written records, recordings or documents any and all written records, recordings or documents that were used to assist you in answering these interrogatories.

**ANSWER NO. 3:**

Objection insofar as Defendant seeks information protected by the attorney-client privilege and work-produce doctrine. Without waiving said objection, Plaintiffs used :

**INTERROGATORY NO. 4:**

State whether you have consulted, engaged or otherwise obtained the assistance of any expert with respect to any of the issues in this case, and if so, as to each such expert state:

a. his or her name, home address, business address, occupation;

b. his or her educational background, including schools, colleges, universities attended, and as to each the certificate or degree thereof;

c. his or her employment history, giving the names of his or her employers, the nature of his or her employment and the dates of employment;

d. the field of his or her expertise, and a description of the license or licenses with respect thereto, including the period of his license and the names of the issuing officer or agency;

e. the name and address of each professional society or organization of which he or she is a member;

f. a description of each publication or professional writing, if any, of such expert, giving the date and place of publication;

g. the subject matter on which the expert is expected to testify, including the substance of the fact and opinions and a summary of the grounds for each opinion; and

h. a description and date of each written report prepared by each expert to include the name and address of the person having present custody or control of such report.

**ANSWER NO. 4:**

At this time, no decision has been made as to the use of experts. Plaintiffs will supplement its answer to this interrogatory when decisions have been reached as to the use of experts.

**INTERROGATORY NO. 5:**

State whether Plaintiffs are a party to any written agreement with Defendant. If so, please identify those documents including date of execution and of effect including the terms of such agreements.

**ANSWER NO. 5:**

Yes. Defendant and Plaintiffs are parties to the following agreements:

1. The Trust Agreement of January 1, 1976 between the Rhode Island Chapter, Associated General Contractors of America, Inc. and the Rhode Island District Council of Carpenters creating the Rhode Island Carpenters Pension Fund and the First Amendment to the Trust of January 1, 1984.
2. The Trust Agreement of January 1, 1976 between the Rhode Island Chapter, Associated General Contractors of America, Inc. and the Rhode Island District Council of Carpenters, United Brotherhood of Carpenters and Joiners of America creating the Rhode Island Carpenters Health Fund.
3. The Trust Agreement of January 1, 1980 between the Rhode Island Chapter, Associated General Contractors of America, Inc. and the Rhode Island District Council of Carpenters creating the Rhode Island Carpenters Annuity Fund.
4. The Trust Agreement of February 2, 1972 between the Providence, Pawtucket and Central Falls Carpenters District Council of the United Brotherhood of Carpenters and Joiners of America and the Rhode Island Chapter, Associated General Contractors of America, Inc. creating the Rhode Island Carpenters Vacation Fund.

Defendant became a party to the aforementioned agreements on or about May 7, 2001. The agreements are currently in effect and will be as long as Defendant is a party to a collective bargaining agreement with Local 94. Copies of the aforementioned agreements have been made available to Defendant.

**INTERROGATORY NO. 6:**

Please provide the names of any and all persons to your knowledge who were engaged by the Defendants whom you allege are a basis for contributions or compensation to the Plaintiffs and their Annuity Funds, etc. by the Defendant, on the basis that such service was "covered employment" under the alleged agreements between Plaintiffs and Defendant.

**ANSWER NO. 6:**

The following individuals performed covered work for Defendant: William Whipple, August Miguel, Paul Savior, Jorge Serravo, Lou Alves, William Sousa, Hugo Cuartas, Todd Mello, Timothy Caraghan, Edwin Rodriquez, Julio Tetreault, Wayne Beaupre, Ray Brosseau, Pedro Abrum, Jeff Riley, Jay Rushing, Luigi Papa, and Brain DeLumba.

**INTERROGATORY NO. 7:**

Please provide the names and addresses to your knowledge of any and all persons who are members of the Brotherhood of Carpenters and Joiners of America including Local Union 94 who were engaged for services or labor by the Defendant at any time with regard to your complaint and claim of contributions for each person who is a member of said union, and if any persons were but are no longer a member of the Brotherhood of Carpenters and Joiners of America, please identify such person by name and address.

**ANSWER NO. 7:**

Objection. The interrogatory is not calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 8:**

With regard to any person who was engaged by the Defendant for services or labor who is currently or a former union member of the Brotherhood of Carpenters and Joiners of America with regard to your complaint for compensation by the Defendant to the Plaintiffs, please provide the person's name and address, period or dates of employment, the amount of contributions alleged and specific basis for that claim, against Defendant.

**ANSWER NO. 8:**

Objection. The interrogatory is not calculated to lead to the discovery of admissible evidence. Without waiving said objection, Plaintiffs are unable to calculate the amount of contributions owed due to Defendant's failure to keep adequate records of the number of hours worked.

**INTERROGATORY NO. 9:**

With regard to any person engaged by the Defendant who you allege the services were covered employment within the context of work performed as defined under the agreement between Local Union 94 and the Defendant effective June 4, 2001 through June 5, 2005, please give the name of the person and each and every fact that you rely upon indicating that such work was covered employment with regard to the said agreements, making reference to the specific job description and job definition set out under that agreement.

**ANSWER NO. 9:**

According to Defendant's answer to Plaintiff's Interrogatory No. 6, the job descriptions of William Whipple, August Miguel, Paul Savior, Jorge Serravo, Lou Alves, William Sousa, Hugo Cuartas, Todd Mello, Timothy Caraghan, Edwin Rodriquez, Julio Tetreault, Wayne Beaupre, Ray Brosseau, Pedro Abrum, Jeff Riley, Jay Rushing, Luigi Papa, and Brian DeLumba are as follows: repair basketball backboards, dividers, gym seating, weight lifting equipment, inspect equipment, grease & lube moving parts, disassemble old equipment. This work is covered work under the collective bargaining agreement. Specifically, this work is to be performed by a "carpenter" and/or "joiner," as the terms are defined on page 2 of the collective bargaining agreement between Local 94 and the Associated General Contractors of America and/or a "millman, cabinet make, and bench hand" as defined on page 5.

**INTERROGATORY NO. 10:**

If you allege that the Plaintiffs are entitled to compensation or contributions from the Defendant for services or labor performed on behalf of the Defendant which service was not covered employment under the agreement between the Plaintiffs and Defendant, please state each and every fact that you rely upon in support of your contention and identify such agreement with specificity sufficient to support a request for production and make reference to the exact page and paragraph of such agreement.

**ANSWER NO. 10:**

Plaintiffs do not allege entitlement to contributions for employment not covered under the relevant collective bargaining agreements.

**INTERROGATORY NO. 11:**

With regard to the alleged agreement between Plaintiffs and/or Defendant which is the basis of your complaint please identify by name and address any persons who solicited, contacted, and negotiated with Joseph Faria in his capacity as officer of and owner of the Defendant, Quality Gym Inc. prior to the execution of any alleged agreements giving the time, dates, and places of such contacts and meetings.

**ANSWER NO. 11:**

Objection. The interrogatory is not calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 12:**

Please identify each and all persons by name and address and title who executed and signed any and all documents and alleged agreements between Defendant and Plaintiffs including the time, date and place of execution.

**ANSWER NO. 12:**

David Palmisciano, senior business representative of Local 94, signed the Acceptance of Agreement and the New England Regional Council of Carpenters Agreement on or about May 25, 2001. Upon execution of these agreements, Defendant became bound to the various trust agreements.

**INTERROGATORY NO. 13:**

Please identify by name and address those persons who were in contact with and/or solicited or engaged Joseph Faria to enter into any alleged agreement between Defendant and Plaintiffs stating the specific basis, circumstances and conditions that are the reason of the alleged agreement.

**ANSWER NO. 13:**

Objection. The interrogatory is not calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 14:**

Please indicate if the Plaintiffs or its agents and representatives prior to the execution of the alleged agreement made any promises or inducements or rewards of any nature or kind including to provide business customers in the future to the Defendant, and state the name of such agent or representative.

**ANSWER NO.14:**

Objection. The interrogatory is not calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 15:**

Please indicate if the Defendant or its agents and representatives prior to the execution of the alleged agreement made any promises or inducements or rewards of any nature or kind including to provide business customers in the future to the Plaintiffs, and state the name of such agent or representative.

**ANSWER NO. 15:**

Objection. The interrogatory is not calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 16:**

If you allege that the Defendant owes a contribution to the Plaintiffs due to paid services for persons engaged or hired for labor or services then please state the name of the person, the amount of contributions allegedly due as a result of payment to that

person, the exact basis of formula to determine such amount of contributions, the date or period of time for which the individual was engaged by the Defendant, that person's work description, and whether or not you allege the work or services for which the person was engaged is covered employment within the meaning of the definitions and agreement allegedly between Defendant and Plaintiffs.

**ANSWER NO.16:**

See answer to Interrogatory No. 9 for the names of individuals Defendant owes contributions on behalf of. Due to Defendant's failure to keep adequate records as to the number of hours each individual worked, Plaintiffs cannot, at this time, calculate the exact amount of contributions owed.

**INTERROGATORY NO. 17:**

If your answer to interrogatory number 14 indicated in the affirmative then please state exactly the promises, inducements or rewards mademade [sic], by whom it was made and when it was made; by Plaintiffs to the Defendant.

**ANSWER NO. 17:**

Objection. The interrogatory is not calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 18:**

If your answer to interrogatory numbered 15 indicated in the affirmative then please state exactly the promises, inducement or rewards made, by whom it was made and when It was made, by Defendant to Plaintiffs.

**ANSWER NO. 18:**

Objection. The interrogatory is not calculated to lead to the discovery of admissible evidence.

Signed under the pains and penalties of perjury this 10th day of November, 2005

Donald Lavin

CERTIFICATION

I hereby certify that a true copy of the within document was sent by regular mail to Maurice Caron, Jr., Law Offices of Joseph J. Voccola, Esq., 454 Broadway, Providence, RI 02909 on this _______ day of November, 2005.