UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND, et al. | : | |
| v. | : | C.A. No. 04-303T |
| QUALITY GYM SERVICES, INC. | : | |

**MEMORANDUM AND ORDER**

Before the Court for determination are Defendant's Motion to Compel Answers to Interrogatories (Document No. 27) and Plaintiffs' Motion to Compel Attendance at Deposition. (Document No. 29). A hearing was held on February 9, 2006. For the reasons outlined at the hearing, the pending Motions are resolved as follows:

**A. Defendant's Motion to Compel**

As to Interrogatory Nos. 1, 3, 7, 8, 11 and 16, Plaintiffs shall supplement their responses as directed by March 10, 2006.

As to Interrogatory Nos. 9, 13, 14, 15, 17 and 18, Plaintiffs' objections are sustained.

**B. Plaintiffs' Motion to Compel**

Plaintiffs noticed the deposition of Defendant's principal, Mr. Joseph Faria, on July 14, 2005, and then re-noticed it for August 3, 2005 to accommodate Mr. Faria. Discovery closed on October 15, 2005, and Mr. Faria's deposition was never conducted. Plaintiffs' counsel represents that "[p]er the request of Defendant's counsel, the deposition was postponed several times pending settlement discussions." Defendant's counsel denies that he "postponed any deposition after August 3, 2005."

On December 15, 2005, Plaintiffs again re-noticed Mr. Faria's deposition for January 9, 2006. Defendant objected because of the closure of discovery on October 15, 2005. Plaintiffs counter that the deposition was originally noticed within the discovery period and was repeatedly postponed at the request of Defendant's counsel.

Chief Judge Torres' Pretrial Order requires that "all depositions...must be completed" by the discovery closure date "except by agreement of all counsel or by order of the Court." (Document No. 5). A request to postpone a deposition necessarily implies an "agreement" to conduct the deposition at a later date. Even if there was no express or implied agreement to take Mr. Faria's deposition after the closure date, this Court concludes that the interests of justice warrant a court order allowing Plaintiffs to do so given Mr. Faria's status as Defendant's "President and sole owner."

Although Plaintiffs' counsel should have been more assertive in conducting Mr. Faria's deposition prior to the discovery closure date, Defendant has not established any prejudice resulting from allowing Plaintiffs to take this single deposition at this time. Defendant's counsel argued that Mr. Faria's deposition should not be allowed because it may cause Defendant to seek leave to depose additional representatives of Plaintiffs regarding the circumstances of Defendant executing the collective bargaining agreement in issue. Defendant did not specifically identify these potential deponents or attempt to explain why their depositions were not previously noticed. This is not a case where Defendant's counsel has no access to a witness until his formal deposition. The deponent, Mr. Faria, is the "President and sole owner" of Defendant. Defendant's counsel was presumably retained by Mr. Faria and thus has had access to Mr. Faria's information since the early stages of this case. It makes absolutely no sense that Defendant's counsel would learn something during Mr. Faria's

deposition that he did not already know about this case or could not have learned about through reasonable diligence. If Defendant's counsel chose not to notice certain depositions prior to the closure date, that can in no way be reasonably attributed to the fact that Mr. Faria's deposition was delayed since Defendant's counsel did not need to wait until Mr. Faria's deposition to obtain his information.

**C. Conclusion**

Plaintiffs' Motion to Compel the Attendance of Mr. Faria at a Deposition (Document No. 29) is GRANTED. The deposition shall be conducted by March 17, 2006. Defendant's Motion to Compel Answers to Interrogatories (Document No. 27) is GRANTED in part and DENIED in part as specified above. Plaintiffs shall supplement their responses as directed by March 10, 2006.

LINCOLN D. ALMOND
United States Magistrate Judge
February 10, 2006