**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND, ET. AL. Plaintiffs, | : | |
| v. | : | C.A. No. 04-303T |
| QUALITY GYM SERVICE, INC., Defendant. | : | |

**PLAINTIFFS' MOTION TO STRIKE JURY TRIAL DEMAND**

Plaintiffs move the Court for entry of an Order striking Defendant's jury trial demand for the reasons set forth in the accompanying Memorandum of Law.

Respectfully submitted,
On behalf of the Plaintiffs,
By their attorneys,

Elizabeth A. Wiens, Esq. #6827
Marc B. Gursky, Esq. #2818
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Ste. C
North Kingstown, R.I. 02852
Tel. (401) 294-4700
Fax. (401) 294-4702

CERTIFICATION

I hereby certify that a true copy of the within document was sent by regular mail to Maurice Caron, Jr., Law Offices of Joseph J. Voccola, Esq., 454 Broadway, Providence, RI 02909 on this _______ day of March, 2006.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND, ET. AL. Plaintiffs, | : | |
| v. | : | C.A. No. 04-303T |
| QUALITY GYM SERVICE, INC., Defendant. | : | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE JURY TRIAL DEMAND**

Plaintiffs move the Court for to strike Defendant's jury trial demand on the ground that Plaintiffs' Complaint is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Defendant's Answer includes a jury trial demand. The relief sought by Plaintiffs is payment of delinquent contributions pursuant to an ERISA plan. The issue presented is whether a Defendant who allegedly owes contributions to an ERISA plan is entitled to a jury trial.

The First Circuit has held that there is no right to a trial by jury in ERISA actions. *See Keith Fulton & Sons, Inc. v. New England Teamsters & Trucking Industry Pension Fund*, 762 F.2d 1124, 1132 (1st Cir. 1984) (the pension fund is a trust; proceedings involving the administration of trusts have traditionally been considered "equitable;" thus, there is no right to a jury trial). Other Circuits addressing the right to jury trial in ERISA actions have reached the same conclusion. *See, e.g., Calamia v. Spivey*, 632 F.2d 1235, 1237 (5th Cir. 1980); *Wardle v. Central States, Southeast & Southwest Areas Pension Fund*, 627 F.2d 820-30 (7th Cir. 1980), *cert. denied*, 449 U.S. 1112 (1981); *In re Vorpahl*, 695 F.2d 318 (8th Cir. 1982); *Blau v. Del Monte Corp.*, 748 F.2d 1348, 1357 (9th Cir. 1984).

Accordingly, Plaintiffs respectfully request that Defendant's jury trial demand be stricken.

Respectfully submitted,
On behalf of the Plaintiffs,
By their attorneys,

Elizabeth A. Wiens, Esq. #6827
Marc B. Gursky, Esq. #2818
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Ste. C
North Kingstown, R.I. 02852
Tel. (401) 294-4700
Fax. (401) 294-4702

CERTIFICATION

I hereby certify that a true copy of the within document was sent by regular mail to Maurice Caron, Jr., Law Offices of Joseph J. Voccola, Esq., 454 Broadway, Providence, RI 02909 on this 6 day of March, 2006.